

# In the
# Missouri Court of Appeals
# Western District

STATE OF MISSOURI,

               **Appellant,**

v.

AARON M. FISHER,

               **Respondent.**

WD79124

OPINION DRAFT:

NOVEMBER 22, 2016

---

**Appeal from the Circuit Court of Miller County, Missouri
The Honorable Patricia Joyce, Judge**

**Before Division One: Anthony Rex Gabbert, P.J., Thomas H. Newton, and Alok Ahuja, JJ.**

The State of Missouri appeals the trial court's decision to sustain Fisher's motion to dismiss the charges for a violation of his fundamental right to a speedy trial. In the State's sole point on appeal, it contends that the trial court erred in ordering dismissal of the charges because there was no speedy trial violation as a matter of law under a proper *Barker v. Wingo* application. The State argues that a significant portion of the delay is attributable to defendant Fisher, that any delays attributable to the State do not weigh heavily against it and that Fisher suffered no actual prejudice from the delay. We affirm.

## Factual Background

Aaron Fisher was charged with two counts of statutory sodomy in the first degree[1] in Miller County Circuit Court on October 28, 2009. An arrest warrant was issued and Fisher was taken into custody that same day. The State filed an amended complaint on November 4, 2009, adding one count each of assault in the first degree pursuant to Section 565.050, RSMo. Cum. Supp. and abuse of a child as provided by Section 568.060, RSMo.Cum. Supp. The preliminary hearing was scheduled for March 8, 2010. Upon the State's motion, the case was continued from March 8 to April 12, 2010. The case was continued again on the State's motion to May 17, 2010. Defendant Fisher was eventually arraigned on June 9, 2010 and a trial date was set for January 10, 2011.

On December 27, 2010 the State filed a motion for leave to endorse additional witnesses. This continuance was granted by the court, without a hearing, on January 10, 2011. The case was reset for trial on September 12, 2011. In response, Fisher filed both a handwritten request for discovery and for a speedy trial on February 22, 2011. The court made a finding of fact that Fisher complied with all statutory requirements in the filing of his motion for speedy trial. Abiding by Fisher's request, the court reset jury trial for May 23, 2011.

On May 23, 2011, Fisher requested his sole continuance and the jury trial date was again reset for September 12, 2011. However, this date was later stricken without any record or documentation addressing the defendant's right to a speedy trial. The September 12, 2011, date was stricken and a plea hearing was set for September 7, 2011. The record provided shows no date or explanation as to why the September 12, 2011, date was stricken. The court entered an

---

[1] Pursuant to Section RSMo. 566.062. Cum. Supp. 2015

order on October 6, 2011, again without a hearing or explanation cancelling the plea hearing, and ordered the case continued to January 9, 2012. This January 9, 2012, trial date was also stricken without any record or documentation addressing the defendant's right to a speedy trial. Again, the record gives no indication as to why this date was cancelled. The court further failed to make a record concerning which party requested the continuance. The case was reset to September 10, 2012. This trial date was again stricken without any record or documentation addressing who requested the continuance or Fisher's right to a speedy trial.

No activity took place in this case between September 2012 and March 26, 2013, when a jury trial was again scheduled for February 24, 2014. The State filed its second request for leave to endorse additional witnesses on February 24 and the court set a new trial date for September 8, 2014. Before the trial could take place, the court scheduled a plea hearing for July 28, 2014. One week before the scheduled plea hearing, counsel for Fisher filed a motion to withdraw on July 21, 2014. New counsel for Fisher entered his appearance that same day. Upon finding a factual basis, the court accepted Fisher's plea of guilty to two counts of statutory sodomy on July 28, 2014 and sentencing was scheduled for November 6, 2014. On November 7, 2014, the guilty plea was vacated by the court based on Fisher's statements to the Sentencing Assessment Report writer regarding the commission of the crimes where Fisher told the writer "I know I did it, but I honestly don't remember."

On December 3, 2014, the presiding judge recused himself and a special judge was appointed by the Missouri Supreme Court on January 13, 2015. Following the reassignment to the special judge, the State did not request a trial date until September 9, 2015, at which time the case was set for trial on November 23, 2015. Fisher filed a motion to dismiss for violation of his statutory and constitutional right to a speedy trial on September 16, 2015. Thereafter, the State

3

filed two additional requests for leave to endorse additional witnesses in the month of October 2015.

On October 23, 2015, the court issued an order sustaining Fisher's motion and ordered him discharged. In its October 23, 2015 order, the court explained that despite five different opportunities to bring him to trial, nearly six years had lapsed between the date of Fisher's incarceration and the court further found that while the State was responsible for at least four different delays, Fisher could be charged with only one.

**Standard of Review**

The right to a speedy trial is guaranteed by both the Sixth Amendment to the United States Constitution and Article I of the Missouri Constitution. *State v. Washington*, 9 S.W. 3d 671 (Mo. App. 1999). The protections of the Sixth Amendment attach when there is a formal indictment or information or when actual restraints are imposed by arrest and holding to answer a criminal charge. *State ex rel Garcia v. Goldman*, 316 S.W. 3d 907, 909 (Mo. banc 2010). The issue of whether the Defendant's Sixth Amendment rights have been violated is a question of law, and therefore, appellate courts review de novo. *State v. Washington*, 9 S.W.3d at 675. While we review de novo whether the defendant's Sixth Amendment right was violated, we defer to the trial court's findings of fact. *State v. Sisco*, 458 S.W.3d 304 (Mo. banc 2015).

**Legal Discussion**

It is the responsibility of the State to bring a defendant to trial speedily. *State v. Richmond*, 611 S.W.2d 351, 355 (Mo. App. 1980). A criminal defendant's right to a speedy

4

trial guarantees that the "State will move quickly to assure the defendant of the early and proper disposition of crimes with which he or she is charged." *State v. Smith*, 849 S.W.2d 209, 213 (Mo. App. 1993). "The federal and Missouri constitutions 'provide equivalent protection for a defendant's right to a speedy trial.'" *State v. Sisco*, 458 S.W.3d at 313. The exclusive remedy for the deprivation of this right is the dismissal of the charges with prejudice. *Id*. at 312*,* citing *State ex rel. McKee v. Riley,* 240 S.W.3d 720, 732 (Mo. banc 2007). To determine whether there has been a violation of the right to a speedy trial, Missouri courts use the four part "test" set forth in the United States Supreme Court case, *Barker v. Wingo*, 407 U.S. 514 (1972). *Id.* at 313; *State v. Bolin*, 643 S.W.2d 806 (Mo. 1983). When facing a motion to dismiss, the four part test requires the court to consider: (i) the length of the delay, (ii) the reason for the delay, (iii) the defendant's assertion of his right to a speedy trial and (iv) prejudice to the defendant resulting from the delay. *Barker*, 407 U.S. at 530. Here, we must determine whether the facts on record support the motion court's finding of a violation of Fisher's right to a speedy trial and the decision to grant Fisher's motion to dismiss.

**(i)    Length of Delay**

Missouri courts recognize that a delay of greater than eight months is "presumptively prejudicial." *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 911 (Mo. banc 2010). The length of the delay is a triggering mechanism for review of the other *Barker* factors because until there is a delay that is presumptively prejudicial, there is no need to discuss the other factors that are part of the balancing process. *Id*. In *Doggett v. United States*, 505 U.S. 647

(1992), the Supreme Court of the United States explained that the first *Barker v. Wingo* factor "is actually a double enquiry." *Id*. at 651.

> Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. This latter enquiry is significant to the speedy trial analysis because, as we discuss below, the presumption that pretrial delay has prejudiced the accused intensifies over time.

505 U.S. at 651-52 (citations omitted).

Fisher was charged and taken into custody on October 28, 2009. His charges were not dismissed until October 23, 2015. Nearly six years lapsed between the time Fisher was taken into custody and the dismissal of his charges. Because Fisher's trial was delayed well over the presumptively prejudicial threshold of eight months, an analysis of the remaining three factors is necessary.

**(ii)     Reason for the Delay**

Missouri law sets forth a 180 day window within which a defendant must be brought to trial after a plea of not guilty at arraignment. §545.780.2 RSMo. The burden rests with the "State to afford the accused a speedy trial, and if there is a delay it becomes incumbent upon the State to show reasons which justify that delay." *State v. Greenlee*, 327 S.W.3d 602, 612 (Mo. App. 2010). "The burden is on the Government to assign reasons to justify the delay";

6

"unexplained or negligent delays . . . weigh against the state, but not heavily." *Amos v. Thornton*, 646 F.3d 199, 207 (5th Cir. 2011) (citation and internal quotation marks omitted). In the context of the speedy-trial right under the Sixth Amendment, different weights should be assigned to different reasons. *Vermont v. Brillon*, 556 U.S. 81 (2009) citing *Barker*. In applying *Barker*, the United States Supreme Court has asked whether the government or the criminal defendant is more to blame for the delay. *Id*. If the defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter. *State v. Kirksy*. 713 S.W.2d 841 (Mo. App. 1986).

The trial court record establishes that Fisher was arraigned and entered a plea of not guilty on June 9, 2010. On this same day, a trial date was set for January 10, 2011. The record confirms that a jury trial date was set five different times over a period of six years. The motion court reasonably concluded that the State failed to provide adequate reasoning or justification explaining this delay. Over the six year period, the State filed four different motions requesting leave to endorse additional witnesses. The first of these motions was requested for January 10, 2011, the first date that the State was responsible for bringing the defendant to trial. In response to this continuance, Fisher filed a pro se motion for speedy trial on February 22, 2011. The trial judge then promptly set the trial for May 23, 2011. On the day of trial, Fisher requested a continuance, which was granted. Out of the 2,186 days in which Fisher was incarcerated and the 1,981 days between arraignment and dismissal of the charges, this is the only delay that the trial judge attributed to Fisher and we defer to the trial

court's factual finding in this regard, because the record does not establish that any other trial delay was requested, or even acquiesced in, by Fisher.[2]

The State argues that Fisher should be charged with the delay following his indecision regarding whether to plead guilty. A plea hearing was scheduled on September 7, 2011, and a further plea hearing was set on January 9, 2012; both hearings were ultimately cancelled. Although the State asserts that, "the 476 day delay between the May 23, 2011, trial date and the September 12, 2012, trial date was the result of Fisher repeatedly changing his mind about entering a guilty plea," (Rsp. Brf. 20) the State has not provided the evidence necessary to support their assertion that Defendant is responsible for this delay. There is literally no evidence in the record as to the circumstances surrounding these aborted plea hearings – the State relies merely on the circuit court's docket entries as evidence of what transpired. The burden was on the State to establish the reasons for various delays, and it failed to do so here. There are many reasons why the taking of a plea may be cancelled, only some of which are attributable to a defendant's conscious decisions. By not excluding the time periods surrounding these plea hearings to Fisher, the trial court apparently found that the State had failed to meet its burden to prove that these delays should be attributed to Fisher. Absent any evidence in support, and given our standard of review, we cannot conclude that the trial court erred in finding that these delays were not attributable to Fisher.

To support their argument that such a delay should be placed on Fisher, the State cites *United States v. Mallett* in which the court assessed a delay related to a change of plea to the

---

[2] Although Fisher's first counsel of record filed a motion to withdraw, another attorney entered his appearance for Fisher that same day. Because the record shows that new counsel did not request additional time to get up to speed, no delay attributable to Defendant can be found on this basis.

defendant.[3] *Mallett* contrasts significantly from the facts present here. In *Mallett*, the defendant filed multiple continuances, changed his plea and then cancelled his change of plea and based on these various motions the Court found the defendant's efforts to delay pre-trial proceedings outweighed his assertion of a right to speedy trial. That is not the case here as Fisher asked for only one continuance.

The State also argues that Fisher's July 28, 2014, guilty plea and the trial court's decision to vacate such plea on November 21, 2014, should be attributed to Fisher because the trial court's vacation of the plea was based on Fisher's statements during preparation of the sentencing assessment report that he did not remember committing the underlying facts. Fisher did not ask the court to vacate his guilty plea, however. It was not until after Fisher entered a plea of guilty that the court found a lack of factual basis for the guilty plea based on Fisher's statement to the probation officer that he did not remember committing the crime. Absent any evidence that Fisher made these statements with the purpose of disrupting the trial process, we defer to the trial court's decision to not weigh this delay against Fisher. Additionally, there is no explanation provided by the State as to why Fisher was not brought to trial at any time between September 12, 2012, and July 17, 2014, a delay totaling over 600 days.

Even if we accepted the State's arguments, and attributed the delays surrounding the aborted plea proceedings to Fisher, this would not change the result. Even excluding those time periods, the State is responsible for the delays from Fisher's arrest on October 28, 2009,

---

[3] 751 F.3d 907 (2014).

through his first continuance request on May 23, 2011, from January 2012[4] through Fisher's attempted guilty plea in July 2014, and from November 2014 through the granting of Fisher's motion to dismiss on October 23, 2015. Even on the State's arguments, it is responsible for delays of approximately five years in bringing Fisher to trial.

We find that the motion court justifiably attributed the failure to bring Fisher to trial quickly against the State.

**(iii)     Defendant's Assertion of the Right to a Speedy Trial**

"There is no rigid requirement regarding when a defendant must assert his right to a speedy trial." *Sisco*, 458 S.W.3d at 316. Courts will weigh the timeliness of the assertion and the frequency and force of a defendant's objections to delays in trial. *Id*. "A request early in the proceedings for an immediate trial reflects the desire to have a speedy trial." *State v. Mason*, 428 S.W.3d 746, 751 (Mo. App. 2014). The defendant waives his right only by failure to file a motion to dismiss the case before trial. *State v. Richmond*, 611 S.W.2d 351, 355 (Mo. App. 1980). Courts should indulge every reasonable presumption against waiver, and they should not presume acquiescence in the loss of fundamental rights. *Barker*, 407 U.S. at 24. Presuming waiver from a silent record is impermissible. *Id*.

The record indicates that Fisher asserted his right to a speedy trial twice prior to filing his motion to dismiss in September 2015: on February 22, 2011, when he filed his pro se motion for a speedy trial, and again on May 23, 2011, when his counsel explained to the

---

[4] The State argues that the entire period of time through the setting of a further trial date on September 12, 2012 should be attributed to Fisher. We disagree. The trial court vacated a plea hearing scheduled on January 9, 2012, and the case was then once again ready for disposition by trial. The burden to bring Fisher to trial remained on the State.

10

court that Fisher's request for a continuance was not intended to abandon his speedy-trial demand.

The State argues that Fisher's request for a continuance was, in effect, a waiver of his right to a speedy trial, or at least an indication of his desire to avoid a speedy trial. The State cites *State v. Darnell*[5] wherein the defendant was found to contribute to the delay by asking for three different continuances. *Darnell* differs from this case because the trial court record confirms that only one of the numerous continuances can be charged to Fisher. We give deference to the trial court's findings of facts that all other delays fall upon the State. Further, it is undisputed that Fisher asserted his right to a speedy trial by filing a motion for speedy trial on February 22, 2011, and that at the time he requested a continuance in May 2011, his counsel explained to the court that Fisher was "[n]ot waiving his [speedy-trial] request," although "[h]e understands [his continuance request] will impact the speedy trial request for the period that this is delayed" due to Fisher's request. He filed a motion to dismiss for violation of his right to speedy trial on September 16, 2015, a full two months prior to his final trial setting of November 23, 2015. Because he filed his motion before the final trial date setting, the State's arguments that Fisher waived his right fail.

Although the State is correct that Fisher did not motion for a speedy trial until after the 180 days from his arraignment had passed, this is explained by the State's request for a continuance beyond the January 10, 2011, trial date. Had the State not received this continuance, Fisher would have had no reason to presume he would not receive a speedy trial as his trial would have occurred within 180 days of arraignment. Fisher's filing of the

---

[5] 858 S.W.2d 739 (Mo. App. 1993).

motion for speedy trial on February 22, 2011, in response to the State's continuance was timely under the circumstances and evidences force in his objection to the continuance in the State's favor. Based on the length of Fisher's detainment (six years), his request for a speedy trial within the first year and a half constitutes a request early in the proceedings and reflects his desire for a speedy trial.

As stated, Missouri courts have established that there is no rigid requirement regarding the defendant's assertion of his right and that one only waives such right by failing to move to dismiss before trial.[6] Fisher not only asserted his right in a timely fashion, but he also moved to dismiss a full two months before the trial date.

**(iv)     Prejudice to the Defendant.**

"Whether a delay prejudiced the defendant is evaluated in light of three concerns: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired." *Sisco*, 458 S.W.3d at 317. Courts view the third consideration as the most serious. *Id*. "Anxiety and concern undoubtedly exist in every criminal case, but that alone does not establish prejudice where the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." *State v. Woodworth*, 941 S.W.2d 679, 695 (Mo. App. 1997). "Affirmative proof of particularized prejudice is not essential to every speedy trial claim, as excessive delay presumptively compromises the reliability of trial in ways that

_____

[6] We note that the better practice is to require the defendant to make a record in open court that he or she is affirmatively waiving their constitutional right to a speedy trial.

12

neither party can prove or, for that matter, identify." *State ex rel. Garcia v. Goldman*, 316 S.W.3d at 913 (in finding a violation of the defendant's right to a speedy trial for a seven year delay, the court based its decision on the fact that "too many witnesses and too many years have slipped away…."). No one factor, including actual prejudice, is necessary to find a speedy trial violation. *Id.*, citing *Barker v. Wingo,* 407 U.S. at 533.

It is undisputed that Fisher was incarcerated for 2,186 days. He was denied bond based on the severity of the charges and, therefore, was not afforded the option of being released on bail during the six years of his incarceration. Although Fisher was found guilty of and incarcerated from July 2011 to March 2015 for a separate, unrelated charge of damaging jail property, he was already incarcerated for the October 28, 2009, charges at the time of this offense.

The trial court did not cite to any specific instances of anxiety and concern that Fisher's incarceration weighed heavily upon him. Fisher also did not present an argument that the delay weighed heavily on him in specific instances. Although we acknowledge that being detained for six years would cause anxiety and concern, we cannot speculate as to whether the delay weighed heavily on Fisher or that he suffered from a specific instance of anxiety and concern.

The sentencing hearing transcript from November of 2014, a full eleven months before the charges were dismissed, shows that Fisher claims that he could not remember the events giving rise to his charges. Defense counsel argues that, if Fisher were to testify that he simply could not remember the alleged crime, the jury would likely not find him credible and this would have a prejudicial effect. Here, while we cannot say that Fisher's inability to remember the events giving rise to his charges is attributable to the trial delay, we agree that,

13

the inexplicable delay of six years in Fisher's case compromised the reliability of his trial, thereby prejudicing him.

In any event, "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *State v. Sisco*, 458 S.W.3d at 318 (citation and internal quotation marks omitted). As the United States Supreme Court explained in *Doggett,* 505 U.S. 647, "the weight we assign to official negligence [in bringing a defendant to trial] compounds over time as the presumption of evidentiary prejudice grows." *Id*. at 657. As *Doggett* explained in language that is equally applicable here, "[w]hen the Government's negligence . . . causes delay six times as long as that generally sufficient to trigger judicial review, and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief." *Id*. at 658 (citations and footnote omitted).

We conclude, therefore, that the facts of this case as applied to the *Barker* factors establish that Fisher suffered a violation of his Sixth Amendment right to a speedy trial and the motion court correctly ordered the dismissal of his charges with prejudice. The six year delay between Fisher's arrest and the dismissal of the charges, Fisher's timely request for a speedy trial, and the prejudice resulting from the delay that was primarily attributable to the State, all support the circuit court's order and judgment sustaining Fisher's motion to dismiss the charges. We affirm the ruling of the trial court dismissing the case.

_____
Anthony Rex Gabbert, Judge

All concur.

14