

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,          )
                                    )

        Plaintiff-Respondent,    )
                                    )

v.                                )      No. SD37368
                                    )      Filed: **February 1, 2023**

MATTHEW THOMAS ESTES,  )
                                    )

        Defendant-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Circuit Judge

### **AFFIRMED**

Matthew Thomas Estes ("Estes") appeals the judgment of the Circuit Court of Dunklin County, Missouri ("trial court"), convicting him, after a jury trial, of two counts as a prior and persistent offender: felony first-degree assault (Count I) and felony abuse or neglect of a child (Count II). The trial court sentenced Estes to a term of 30 years in the Missouri Department of Corrections on Count I and 16 years on Count II with the sentences to run concurrently.

On appeal, Estes asserts two claims of error, violation of his constitutional right to a speedy trial and prosecutorial misconduct in closing argument, and seeks reversal of his convictions and dismissal of all charges due to the alleged constitutional violation or reversal of

his convictions and remand for a new trial due to the alleged prosecutorial misconduct.  The judgment is affirmed.

**Factual Background and Procedural History**

The State charged Estes with felony first-degree assault (Count I) and felony abuse or neglect of a child (Count II) related to injuries inflicted on his live-in girlfriend's ("Girlfriend") minor son ("Child") in April 2016, when Child was then almost two years old.

Estes was arrested and charged on April 28, 2016.  His trial began September 27, 2021. The trial court entered its Judgment on December 21, 2021.  Estes timely appealed.  Estes does not challenge the sufficiency of the evidence.  To the extent additional factual background or procedural history is necessary to resolve either point on appeal, it is included in the discussion of each point.

**Analysis**

Point I: Speedy Trial

In Point I, Estes asserts "[t]he trial court erred by not dismissing with prejudice the amended information because this ruling was in violation of [Estes's] rights to due process of law and to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Sections 10 and 18(a) of the Missouri Constitution[.]"

Estes asserts this claim is preserved for review because he included it in his motion for new trial.  The State asserts Estes is entitled to at most plain error review because Estes did not file a motion to dismiss.  The State is correct.  Because Estes never sought dismissal in the trial court and thus did not ask the trial court to rule on the claim he now raises, Estes did not preserve his claim for review.  To preserve his claim for review, Estes needed to file a motion to dismiss and include the speedy trial issue in his motion for new trial.  Because he failed to do both, he is

2

asking this Court to find that the trial court plainly erred in failing to *sua sponte* dismiss with prejudice the amended information. "[A] trial judge does not have the inherent authority to dismiss a case *with prejudice* for failure to prosecute in the absence of a speedy trial violation." *State v. Jones*, 530 S.W.3d 525, 533 (Mo.App. 2017) (quoting *State v. Honeycutt*, 96 S.W.3d 85, 89 (Mo. banc 2003)). *See also State v. Oliver*, 655 S.W.3d 407, 412 (Mo.App. 2022) ("In cases where the defendant has failed to preserve the speedy trial issue by failing to file a motion to dismiss or failing to include the speedy trial issue in a motion for new trial, and where the argument on appeal is that the trial court failed to *sua sponte* dismiss the charges, we have found plain error review appropriate.") (citing *Jones*, 530 S.W.3d at 533; *State v. Drudge*, 296 S.W.3d 37, 42 (Mo.App. 2009)).

Estes asserts his constitutional claim of speedy trial violation is entitled to *de novo* review under *State v. Sisco*, 458 S.W.3d 304, 313 (Mo. banc 2015). His reliance on *Sisco* is misplaced. In *Sisco*, the defendant filed a motion to dismiss and an amended motion to dismiss alleging violation of his right to speedy trial, requested a hearing and ruling on the motion and again asserted violation of his right to speedy trial during trial and in his motion for new trial. *Id.* at 309. *Sisco* is inapposite, and Estes is entitled to at most discretionary plain error review of his claim. *See also Oliver*, 655 S.W.3d at 412 (rejecting the defendant's argument that he was entitled to *de novo* review of his speedy trial violation claim under *Sisco*, where defendant did not raise his speedy trial violation claim in his motion for new trial).

"[A]ll errors—whether statutory, constitutional, structural, or based in some other source—are subject to the same treatment under this Court's plain error framework." *State v. Brandolese*, 601 S.W.3d 519, 529 (Mo. banc 2020) (citing *State v. Howard*, 540 S.W.2d 86, 87-88 (Mo. banc 1976)). "Rule 30.20 is the exclusive means by which an appellant can seek review

of *any* unpreserved claim of error and said claim—no matter if it is statutory, constitutional, structural, or of some other origin—is evaluated by this Court's plain error framework without exception" *Id.* at 530. "Under plain error review, the defendant still bears the burden of establishing manifest injustice[.] . . ." *Id.* Specifically, under Rule 30.20,[1] "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Thus, Estes bears the burden of establishing manifest injustice or miscarriage of justice from his claimed trial delay of "five years, four months, four weeks, and two days."

The right to a speedy trial is provided by the Sixth Amendment of the United States Constitution and article I, section 18(a) of the Missouri Constitution. *Sisco*, 458 S.W.3d at 313; *see also* U.S. Const. amend. VI; Mo. Const. art. I, sec. 18(a). The United States and Missouri Constitutions "provide equivalent protection for a defendant's right to a speedy trial." *Sisco*, 458 S.W.3d at 313 (quoting *State v. Taylor*, 298 S.W.3d 482, 504 (Mo. banc 2009)). To assess whether the constitutional right to a speedy trial has been respected or denied, we must balance four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant resulting from the delay. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 911 (Mo. banc 2010)). "The existence of any one of these factors is neither necessary nor sufficient to finding a deprivation of the right to a speedy trial." *Id.* (citing *Barker*, 407 U.S. at 533). "Rather, 'courts must . . . engage in a difficult and sensitive balancing process.'" *Id.* (quoting *Barker*, 407 U.S. at 533).

---

[1] Unless otherwise noted, all rule references are to Missouri Court Rules (2021).

4

Here, the parties do not dispute that the first and second factors favor Estes. As to the first factor, the delay in bringing Estes to trial exceeded eight months and is therefore "presumptively prejudicial." *Sisco*, 458 S.W.3d at 313 (quoting *State ex rel. McKee v. Riley*, 240 S.W.3d 720, 729 (Mo. banc 2007)). Because the first factor favors Estes, further inquiry is required. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors[.] . . ." *Barker*, 407 U.S. at 530. As to the second factor, the reason for the delay, the record reflects several reasons for the delay, including the trial court rescheduling a couple of dates due to trial court unavailability; plea negotiations; multiple continuances requested by both the State and Estes[2] and multiple joint continuances; unavailability of a State's witness; and COVID-19, but the State acknowledges "[t]he majority of the delay should be weighed, albeit lightly, against the State."[3] Thus, the second factor favors Estes.

As to the third factor, this factor weighs against Estes. Estes was arrested and charged on April 28, 2016. He filed his single request for a speedy trial on November 15, 2016, a delay of almost seven months after his arrest. This delay weighs against Estes. *See Jones*, 530 S.W.3d at

---

[2] The record reflects Estes requested *pro se* a continuance on the first day of trial, September 27, 2021, claiming his counsel was not prepared. The trial court denied the continuance. While the second factor favors Estes, his verbal motion for continuance on the first day of trial citing counsel lack of preparedness for trial belies his claim of violation of his right to speedy trial and could explain why Estes failed to raise any issue concerning speedy trial violation during the trial. Estes raised denial of his motion for continuance as grounds for a new trial in his motion for new trial. *See State v. Summers*, 653 S.W.3d 155, 164-65 (Mo.App. 2022) ("These actions 'contradict his present claim that his right to a speedy trial was violated." (quoting *State v. Harris*, 673 S.W.2d 490, 494 (Mo.App. 1984)) (in the context of the bulk of continuance requests occurring after filing of the renewed motion to dismiss for speedy trial violation).

[3] The parties disagree as to which delays should be held against the other and how lightly or heavily. We reject Estes's argument that delays due to COVID-19 should be held against the State. *See Oliver*, 655 S.W.3d at 417-18 (finding COVID-19 pandemic delays should generally not be weighed against either party because COVID-19 pandemic delay is a justifiable delay). The record reflects all delay from September 11, 2019 through the first day of trial on September 27, 2021 was due to Estes's requests for continuance, trial court unavailability, or COVID-19. Estes also cites the State's threat to dismiss and refile the case, which might have resulted in Estes losing credit for time served. But the State did not dismiss and refile the case, and we decline to view any threat to do so as somehow weighing against the State in evaluating the reason for delay.

533 (Mo.App. 2017) ("Waiting several months to assert the right to a speedy trial has been found to weigh against a defendant.") (quoting *State v. Newman*, 256 S.W.3d 210, 216 (Mo.App. 2008)). Counsel for Estes did raise at hearing in March 2018 that Estes had filed a speedy trial request in 2016. The trial court inquired whether the request had been waived, noted that Estes's counsel had requested a continuance in October 2017, and attempted to set the case for trial when the State requested that the parties submit potential trial dates, a request the trial court granted without objection from Estes. In June 2018, Estes's counsel indicated Estes wanted to proceed with this case before the remaining domestic case, but the State indicated it planned to pursue the domestic case. Estes's counsel was asked about discovery status in this case and said: "on the case that we're not proceeding to trial on yet there's some medical records we're working on but other than that we've completed discovery."

That Estes filed a single request for a speedy trial months after his arrest and never filed another motion also weighs against Estes. *See Oliver*, 655 S.W.3d at 420 ("This singular, delayed request weighs against Defendant."). Further, Estes did not mention his speedy trial request again until March 2018, never requested a hearing on his speedy trial request, and never otherwise pursued the request except by mention at the March and June 2018 hearings when Estes's counsel acknowledged discovery in this case was not complete. Estes also never moved to dismiss based on speedy trial violation, as required to preserve his request for review.

As to the fourth factor, "whether delay resulted in prejudice to the defendant is the most important factor." *Id.* (quoting *State v. Howell*, 628 S.W.3d 750, 759 (Mo.App. 2021)). "The defendant has the burden of demonstrating prejudice and '[c]laims of prejudice must be actual or apparent on the record, or by reasonable inference, while speculative or possible prejudice is not sufficient.'" *Id.* (quoting *State v. Wright*, 551 S.W.3d 608, 620 (Mo.App. 2018)). "Whether a

6

delay prejudiced the defendant is evaluated in light of three concerns: '(1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired.'" *Sisco*, 458 S.W.3d at 317 (quoting *Garcia*, 316 S.W.3d at 912). "Courts view the third consideration as the most serious." *Id.* (citing *Garcia*, 316 S.W.3d at 912). This factor weighs against Estes. Estes cannot show prejudice, let alone manifest injustice or miscarriage of justice, resulting from the delay.

Estes asserts he was prejudiced by the delay because he suffered significant pretrial incarceration and significant anxiety; could not see three of his children, which he claims the State utilized on cross-examination to make it seem as though he did not wish to see those children and had the trial happened sooner he would have been found not guilty and could have seen the three children; and the State deliberately sought to try his pending domestic cases before this case, resulting in the State obtaining a conviction for misdemeanor third-degree domestic assault against him which it utilized in this case and which he alleges clearly had an impact in this case as the jury requested to see the domestic assault file.[4]

As to his claims of significant pretrial incarceration and significant anxiety and inability to see his three children, Estes cannot show prejudice, let alone manifest injustice or miscarriage of justice. After trial, Estes was sentenced to a term of 30 years on Count I and 16 years on Count II (sentences to run concurrently) in the Missouri Department of Corrections, "thereby eradicating any claim [Estes] may have as to serving additional jail time because of the delay in bringing him to trial[.]" *Jones*, 530 S.W.3d at 533. Further, the record reflects Estes was

---

[4] Estes raises only the domestic conviction in his Motion for New Trial, so he failed to preserve his claims of pretrial incarceration and anxiety and his claim that the State used his inability to see his three children against him. *See Edwards v. State*, 636 S.W.3d 606, 614 (Mo.App. 2021) ("[O]nly those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal.") (quoting *State v. Davis*, 348 S.W.3d 768, 770 (Mo. banc 2011)).

released on furlough or on bond for much of the delay in bringing his case to trial. On August 31, 2018, Estes was ordered released to the custody of his mother on furlough between the hours of 8 a.m. and 8 p.m., effective September 3, 2018. On October 1, 2018, he posted bond. On December 12, 2018, the trial court amended the terms of Estes's bond, allowing him to leave his residence from 6 a.m. to 9 p.m. daily. On January 9, 2019, he was allowed to live on his own. Additionally, "[a]nxiety and concern exist in every criminal case, but that alone does not establish prejudice where . . . the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." *Sisco*, 458 S.W.3d at 317 (quoting *State v. Bolin*, 643 S.W.2d 806, 815 (Mo. banc 1983), *superseded by statute on other grounds* as explained in *Riley*, 240 S.W.3d at 727 n.10). The record also reflects the issue of the three children arose when on direct examination Estes identified two of his children but did not mention his other three children. The State asked about the other three children on cross-examination and Estes testified he has three other children but could not see them due to this case but had seen them regularly before April 2016 [his arrest month in this case]. This line of questioning related to Estes's failure to identify all of his children on direct, not any suggestion by the State that Estes did not wish to see his children.

As to his claim that the State deliberately tried his pending domestic cases before this case, resulting in a domestic assault conviction being used against him in this case, the record does not support Estes's claim. All three cases (this case and the two domestic cases) were pending in 2016. Both domestic cases were tried before this case. Estes was found not guilty in one case, about which he does not complain. Although Estes did not file a request for speedy trial in either domestic case, the record reflects Estes's counsel announced in February 2017 they were ready to proceed to trial on the domestic case about which Estes now complains. The

domestic case (filed in 2015, prior to this case filing) was tried in February 2017, ended in a mistrial, and was retried in July 2017, resulting in Estes being convicted of misdemeanor third-degree domestic assault. Estes cannot show prejudice when his counsel indicated willingness to try the domestic case before this case.[5] Further, as to prejudice from the domestic assault conviction, Estes chose to emphasize the conviction by testifying to "never being violent" and then testifying he had not had a jury trial but then acknowledging he had a jury trial but that the jury did not have the opportunity to see him speak since he did not take the stand on advice of counsel. He was then asked about the appellate court affirming the conviction and testified the conviction was only for a misdemeanor and that being sentenced to a year in prison "wasn't nothing" because he was in jail already and "time served." The jury asked to view the domestic assault file (along with "pictures from Memphis Hospital, video, and files from pediatrician"), but the trial court denied the request, instructing the jurors that "you must be guided by your recollection of the evidence." Estes cannot show actual prejudice, let alone manifest injustice or miscarriage of justice, related to his domestic assault misdemeanor conviction where his counsel acquiesced in the order in which the cases were tried, where he emphasized his conviction by testifying to "never being violent," and where the record reflects a denied jury request to view the domestic assault file among other evidence. Further, Estes's claim that the delay resulted in the State using a conviction against him does not amount to prejudice based on impairment of defense. *See Edwards*, 636 S.W.3d at 615 ("Here, the fact that the delay allowed the State to collect additional evidence did not constitute an impairment of Movant's defense that affected his ability to adequately prepare his case.").

---

[5] In August 2017, counsel for the State and Estes appeared in this case and advised discovery was ongoing. Counsel for Estes indicated the State probably would want to depose medical personnel, and the State agreed that was a possibility. The trial court set the case for trial in March 2018, and counsel for Estes did not object to that setting.

9

As in ***Jones***, we find "a more comprehensive analysis of each factor would be superfluous and unnecessary under our plain error review, in that [Estes] has failed to satisfy his burden of proving that 'prejudicial error resulted' and said error 'amounted to manifest injustice.'" ***Jones***, 530 S.W.3d at 534 (quoting ***State v. Goode***, 721 S.W.2d 766, 770 (Mo.App. 1986)). Further, as in ***Jones***, "[Estes] elected not to contest the sufficiency of the evidence as to his conviction, thereby encumbering his argument that he suffered a manifest injustice precipitated by the delay in bringing him to trial." ***Id.*** *See also* ***State v. Kunonga***, 490 S.W.3d 746, 755 (Mo.App. 2016) ("Appellate courts rarely find plain error in criminal cases if there is overwhelming evidence of guilt or the evidence is sufficient to support a conviction.") (internal citations omitted). When balancing all the factors, the presumption of prejudice resulting from the length of the delay is outweighed. The trial court did not plainly err in failing to *sua sponte* dismiss with prejudice the amended information against Estes. Point I is denied.

Point II: Closing Argument Prosecutorial Misconduct

In Point II, Estes claims the trial court plainly erred in failing to declare a mistrial *sua sponte* when the State committed prosecutorial misconduct in closing argument "by insinuating [Estes] forced his wife [sic] to have sex with him every night despite her being seven months pregnant. The argument goes, the fact [Estes] makes [Girlfriend] have sex with him every night makes it more likely he intentionally struck [Child]." Estes acknowledges he did not preserve this claim for review and requests plain error review.

"[I]n relation to an allegedly improper argument, 'reversal is warranted only if the defendant shows the improper argument had a decisive effect on the jury's determination.'" ***State v. Blue***, 655 S.W.3d 396, 400 (Mo.App. 2022) (quoting ***State v. Wood***, 580 S.W.3d 566, 579 (Mo. banc 2019)) (internal quotation omitted). "An argument has a decisive effect and

amounts to manifest injustice where there is a reasonable probability that the jury's verdict would have been different had the error not taken place." *Id.* (citing *State v. Fisher*, 575 S.W.3d 508, 513 (Mo.App. 2019)). "The appellant bears the burden of demonstrating this decisive effect resulting in manifest injustice." *Id.*

Estes argues the jury deliberating more than ten hours before returning a verdict indicates the jury did not believe the evidence was overwhelming and makes the alleged prosecutorial misconduct even more harmful, justifying reversal of his convictions. The portion of the State's closing argument that Estes claims amounts to plain error is:

> But he knew that [Girlfriend] was coming home and they were going to have sex as they always do and [Child] was crying and I'm sure that was stressful. He knew. This is after his seventh month pregnant girlfriend goes out to buy him dip. This is the seventh month old -- seventh month pregnant girlfriend that are having sex every night. The Defendant's in control of this situation.

As Estes acknowledges, "the evidence at trial showed [Estes] and [Girlfriend] had sex before they went to bed," and that both testified "they had sex almost every night." Further, the evidence showed Estes was alone in the home with Child while Girlfriend ran an errand, so the record shows Estes was "in control of this situation" for the period of time referenced in the argument.

The State's closing argument was supported by the evidence in the record and was not error and certainly was not prosecutorial misconduct resulting in a constitutional violation or plain error resulting in manifest injustice irrespective of the time it took the jury to return a verdict. Contrary to what Estes argues, the State did not insinuate that Estes controlled his seven-month pregnant girlfriend and made her have sex with him despite her unwillingness to do so. Point II is denied.

11

**Conclusion**

The judgment is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, C.J. – CONCURS