**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Wesley AKERS et al.,
Defendants-Appellants.**

Nos. 74–3296, 75–1666 and 74–3295.

United States Court of Appeals,
Ninth Circuit.

Aug. 26, 1976.

Rehearing Denied in No. 74–3295
Oct. 18, 1976.

Rehearing In Banc Denied in No.
75–1666 Nov. 8, 1976.

Chester Wallace, in pro. per.

Donald W. Chambers (argued), Portland, Or., for defendant-appellant in No. 75–1666.

Robert H. Bay (argued), Portland, Or., for defendant-appellant in No. 74–3296.

Charles H. Turner, and John S. Ransom, Asst. U. S. Attys. (both argued), Portland, Or., for plaintiff-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and CHRISTENSEN,* District Judge.

PER CURIAM:

Appellants were convicted on a variety of charges stemming from the bombing of two military recruiting stations in Portland, Oregon, in January 1973. We reverse the convictions under counts charging violation of 18 U.S.C. § 924(c)(2), and affirm as to the other counts.

1. Appellant Wallace contends that his initial joinder with the other defendants was improper. Rule 8(b) of the Federal Rules of Criminal Procedure allows initial joinder if each of the charges against the defendants arises from the same series of acts or transactions in which all defendants participated. *Williamson v. United States,* 310 F.2d 192, 197 n. 16 (9th Cir. 1962). This condition was satisfied. All of the allegations in the indictment stem from the same nucleus of acts.

Wallace's motion for severance under Rule 14 was properly denied. The independent evidence of his guilt was substantial. *Compare United States v. Donaway,* 447 F.2d 940, 943 (9th Cir. 1971). He had his own counsel, the charges and supporting evidence were not complex, and the jury was carefully instructed as to the use of the evidence against each defendant. *See Wil-*

---

\* Honorable A. Sherman Christensen, Senior United States District Judge, District of Utah, sitting by designation.

*liamson v. United States, supra,* 310 F.2d at 197–98.

■ 2. The motions of Akers and Cronin for severance were properly denied. The mention of "other participants" in Wallace's confession was not enough to bring *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), into play. *See Nelson v. United States,* 425 F.2d 188 (9th Cir. 1970).

■ 3. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), does not require reversal. Appellants did not show that failure to disclose Father Stipe's prior statement was willful, and on the whole record we are satisfied that the evidence could not have led the jury to entertain a reasonable doubt as to appellants' guilt. *Cf. United States v. Palmer,* 536 F.2d 1218 (9th Cir. 1976); *United States v. Hibler,* 463 F.2d 455, 460 (9th Cir. 1972).

■ 4. Since it was apparent from the face of the indictment that the use of "1972" rather than "1973" in the conspiracy count was a typographical error, it was not constitutionally impermissible to correct it. *Stewart v. United States,* 395 F.2d 484, 487–89 (8th Cir. 1968).

■ 5. Our decision in *United States v. Oba,* 448 F.2d 892 (9th Cir. 1971), requires rejection of appellants' contention that their convictions for violating 26 U.S.C. § 5822 are improper because the term "firearm" as defined by 26 U.S.C. § 5845(a) and (f) does not include dynamite.

■ 6. We cannot say that the trial court erred in excluding from the courtroom all persons except appellants, their relatives, the attorneys, the press, and court personnel, when the verdicts were returned. The court had been advised that the proceedings would be disrupted if the verdict were unfavorable to the appellants. The court could properly conclude that the threat of harm dictated partial closing of the proceedings. The right to a public trial does not preclude a limited exclusion of spectators where necessary to avoid disorder, as it was here. *United States v. Fay,*

350 F.2d 967, 971 (2d Cir. 1965). *Cf. Geise v. United States,* 262 F.2d 151, 156–57 (9th Cir. 1958).

■ 7. 18 U.S.C. § 924(c)(2) provides that whoever "carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States" shall be punished as provided in the statute. Appellants contend that the statute was intended to penalize only those who carry a firearm during the commission of a felony when the act of carrying the firearm is independently unlawful. The government contends the statute should be read to proscribe carrying a firearm during the commission of a felony for the purpose of furthering that felony. The trial court agreed with the government. The Court of Appeals for the Second Circuit has interpreted the statute as appellants would interpret it. *United States v. Ramirez,* 482 F.2d 807, 813–14 (2d Cir. 1973). *See also United States v. Howard,* 504 F.2d 1281, 1285 (8th Cir. 1974); *United States v. Rojas,* 502 F.2d 1042 (5th Cir. 1974); *United States v. Sudduth,* 457 F.2d 1198 (10th Cir. 1972). Although persuasive arguments can be made for either construction, we are persuaded that the decision in *Ramirez* is correct, and join the Second Circuit in holding that 18 U.S.C. § 924(c)(2) is violated when a federal felony is committed by one who carries a firearm only when the act of carrying that firearm is in and of itself unlawful. There is no showing on the record that the firearms carried during the bombings were carried illegally in this sense. The court's instruction advised the jury that no such showing was required. Accordingly, we reverse the convictions of all appellants under counts III and VII of the indictment.

8. Other points raised by counsel have been considered and are without merit.

9. Appellant Wallace filed a brief in his own behalf raising a number of issues not raised by counsel. He contends (1) that his confession was forged; (2) that his confession was involuntary; (3) that he was denied a hearing on the admissibility of his confession in violation of *Jackson v. Denno,*

378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 1461 (1964); (4) that admission by the court of the evidence found in the San Jose, California, search was error because the search was illegal; (5) that the testimony of McSherry, one of the co-conspirators, was perjured; and (6) that his convictions under counts VI and VIII are separate convictions for the same overt acts.

■ There is no support in the record for Wallace's contention that his confession was forged or involuntary. The record shows that the trial court held a hearing on the admissibility of the confession. Counts VI and VIII require proof of different facts for conviction. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Wallace's remaining contentions are equally without merit.

The convictions under counts III and VII are vacated. The judgments in all other respects are affirmed.