**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSE MARIA RAMIREZ-RAMIREZ,
AKA Jose Maria Nunez-Ramirez,
*Defendant-Appellant.*

No. 21-10127

D.C. No.
4:20-cr-00412-
JAS-MSA-3

OPINION

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted March 11, 2022
Phoenix, Arizona

Filed August 22, 2022

Before: Michael Daly Hawkins, Richard A. Paez, and
Paul J. Watford, Circuit Judges.

Opinion by Judge Paez

**SUMMARY**[*]

**Criminal Law**

The panel vacated a judgment of conviction, following a bench trial, for possession of marijuana with intent to distribute and conspiracy to do the same and remanded for specific findings of fact.

The panel held that the district court plainly erred by making only a written finding of guilt after trial, in violation of the defendant's Sixth Amendment right to a public trial. The panel concluded that, although the usual remedy would be a remand to announce the finding in open court, the district court had already reiterated its finding of guilt publicly during the defendant's sentencing, rendering such a remedy superfluous.

The panel further held that, because the finding of guilt was legally insufficient, the district court erred in denying as untimely the defendant's motion for specific findings of fact. Instead, the panel vacated the defendant's sentence and remanded for the district court to make specific findings of fact.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

J. Ryan Moore (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Tucson, Arizona; for Defendant-Appellant.

Terry M. Crist (argued), Assistant United States Attorney; Christina M. Cabanillas, Deputy Appellate Chief; Glenn B. McCormick, United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

**OPINION**

PAEZ, Circuit Judge:

José Nuñez-Ramirez[1] ("Nuñez") was tried for possession of marijuana with intent to distribute and conspiracy to do the same during a one-day bench trial. At the close of the trial, the district court indicated that it wanted additional time to review the evidence but would announce a decision shortly thereafter. A few days later, the court issued a written order finding Nuñez guilty on both counts. It did not convene a hearing or order the parties to return to court to announce the finding. Nuñez subsequently filed a motion for findings of fact under Federal Rule of Criminal Procedure 23(c). Although he acknowledged that the motion might be untimely because the rule requires that such a motion be made "before the finding of guilty or not guilty," Nuñez argued that he had been unaware that the court

---

[1] The defendant was indicted under the name "Jose Ramirez-Ramirez," but he clarified to the district court that his name is actually José Nuñez-Ramirez. We therefore refer to him by that name.

intended to deliver its finding without a hearing. The district court denied the motion.

The district court plainly erred. The Sixth Amendment guarantees criminal defendants the right to a public trial. In making only a written finding of guilt, rather than announcing its finding in a public setting, the district court violated that right. Although the usual remedy would be a remand to announce the findings in open court, the district court already reiterated its findings publicly during Nuñez's sentencing, rendering such a remedy superfluous. Instead, we vacate Nuñez's sentence and remand for the district court to make specific findings of fact.

## BACKGROUND

Nuñez is a native and citizen of Honduras. On January 7, 2020, he was discovered by Border Patrol agents in a remote section of the Arizona desert about seventy miles north of the Mexican border. He was apprehended with three other men, and three backpacks full of marijuana were found under a tree nearby. Nuñez was indicted for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Nuñez waived his right to a jury trial, and a one-day bench trial was held on January 27, 2021. The parties stipulated that Nuñez had crossed the border without authorization, in the company of three other men, while carrying a backpack of marijuana. Nuñez, however, argued that he had only done so under duress after he was captured by assassins and forced to smuggle the drugs.

At the close of the trial, defense counsel urged the district court to review the video and transcript of Nuñez's interview with Border Patrol agents. The court agreed and said that it

did not plan to announce a decision that day but would do so "within the next few days." On February 8, the district court filed an order finding Nuñez guilty of both counts. The order provided only a general finding of guilt and noted that "[n]either party has requested specific findings of fact pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure."

On March 25, Nuñez filed a motion requesting findings of fact. The motion explained that "[d]efense counsel believed, as has been the case in other trials, that the parties and Mr. Nunez-Ramirez would be brought to court for a reading of the verdict." "Had a hearing been scheduled for the Court to deliver its verdict," Nuñez contended, he "would have asked the Court for further information regarding the verdict." In particular, Nuñez said that he would have sought additional clarification about whether and how the district court had considered his duress defense. Although Nuñez acknowledged that his motion was untimely under Rule 23(c) because the district court had already issued a general finding of guilt, he asked the court to provide written findings of fact anyway. The district court denied the motion as untimely.

Nuñez's sentencing hearing was held on April 26 by video teleconference. The district court reiterated its previous finding of guilt, stating

> [A]fter a nonjury trial on the 27th, this court on February the 8th found the defendant guilty of each of those two counts.
>
> And it is the judgment of the court today that the defendant is guilty of conspiracy to possess with intent to distribute marijuana, as alleged in Count 1 of the indictment. That is

a class D felony. It's a violation of 21 USC 846 and 841.

It is also the judgment of the court today that the defendant is guilty of possession with intent to distribute marijuana, also a class D felony and a violation of 21 USC 841(a) and (b).

The court then sentenced Nuñez to time served and three years of supervised release.

Nuñez subsequently filed the instant appeal. He argues that in issuing its finding of guilt only in writing rather than in open court, the district court violated his right to be present under the Fifth Amendment, Sixth Amendment, and Federal Rule of Criminal Procedure 43(a) and his right to a public trial under the Sixth Amendment. He further argues that the district court erred in holding that his motion for findings of fact under Rule 23(c) was untimely because the rule requires that general findings of guilt be made orally. Finally, he argues that the district court's statements at sentencing suggest that it applied a legally erroneous standard for duress.

## STANDARD OF REVIEW

A party must preserve an issue for appeal "by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). If a party raises an objection for the first time on appeal, we review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Nuñez contends that he "had no notice and no opportunity to object before the district court acted unilaterally outside of his presence," so he did not need to preserve his arguments. Nevertheless, he argues that he did "alert[] the district court to the nature of the error in his Motion for Issuance of Specific Findings."

Nuñez had sufficient opportunity to object to the district court's written finding of guilt. Seventy-nine days passed between February 8, when the district court issued its written finding, and April 28, when Nuñez filed this appeal. That was plenty of time for Nuñez to file a written objection—indeed, he filed his Rule 23(c) motion in this period. Nuñez had an additional opportunity to raise the issue with the district court orally during his sentencing. At no point did Nuñez mention any objections to the district court's written finding, let alone raise the arguments he makes on appeal.[2]

While Nuñez's motion for findings of fact does discuss his expectation that the court would issue its findings orally and in person, it does not raise any specific objection to the written finding. To preserve a claim of error, a party must inform the court of "the party's objection to the court's

---

[2] Nuñez asserts that any criticism of the district court's finding of guilt after the court issued its decision would be an exception, not an objection, and that exceptions are not required under the Federal Rules of Criminal Procedure. This misunderstands the meaning of the term "exception." An exception is a reiteration of an argument that the litigant initially raised *before* the court issued its decision. *See United States v. Rivera*, 682 F.3d 1223, 1234 (9th Cir. 2012). In such a case, the litigant preserved the argument for review prior to the court's decision, and it is therefore unnecessary for him to restate points he has already made. *See United States v. Mancinas-Flores*, 588 F.3d 677, 686 (9th Cir. 2009). Because Nuñez did not—and, indeed, could not—raise any of the arguments he now advances before the district court issued its finding of guilt, none of them can be considered exceptions.

action and the grounds for that objection." Fed. R. Crim. P. 51(b). Nuñez's motion for findings of fact does neither. He notes that his counsel "believed, as ha[d] been the case in other trials, that the parties and Mr. Nunez-Ramirez would be brought to court for a reading of the verdict," but he does not object to the fact that the court did not do so or provide any grounds for such an objection. Neither the right to a public trial nor the right to be present are mentioned at all. The motion is thus insufficient to preserve Nuñez's claims.

Nuñez argues that a defendant has no responsibility to object when "the district court acted unilaterally outside of his presence." Although "[a] failure to raise a futile objection does not waive the objection," *United States v. Kyle*, 734 F.3d 956, 962 n.3 (9th Cir. 2013), it would not have been futile for Nuñez to object. There was no indication that the district court here was unwilling to rectify any error it had made in issuing only a written finding of guilt. Indeed, the fact that it orally reiterated its finding of guilt at the sentencing hearing suggests a willingness to do so. Because Nuñez failed to object and preserve the arguments he now advances, plain error review applies.

"A trial court commits plain error when (1) there is error, (2) that is plain [*i.e.*, clear and obvious], and (3) the error affects substantial rights [*i.e.*, affects the outcome of the proceedings]." *United States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016) (internal quotation marks and citation omitted; additions in original). If those conditions are met, we have "discretion to notice such error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks and citation omitted). The defendant bears the burden of proving that there was clear error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

Constitutional errors can be divided into two categories: trial errors and structural errors. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006). Trial errors are discrete mistakes that "occu[r] during the presentation of the case to the jury." *Arizona v. Fulminante*, 499 U.S. 279, 307 (1991). They are subject to harmless error review. *Id*. at 308. Structural errors, on the other hand, "defy analysis by harmless-error standards" because they affect "the framework within which the trial proceeds" rather than "the trial process itself." *Id*. at 309–10 (internal quotation marks omitted). Because structural errors necessarily "affect[] substantive rights" and "undermine[] the fairness of a criminal proceeding as a whole," *United States v. Chavez-Cuevas*, 862 F.3d 729, 734 (9th Cir. 2017) (internal quotation marks and citation omitted), they satisfy the third and fourth prongs of plain error review, *see United States v. Becerra*, 939 F.3d 995, 1005–06 (9th Cir. 2019).

## DISCUSSION

### A.  Right to be Present

Nuñez argues that the district court's decision to make a written finding of guilt interfered with his right to be present when that finding was made, violating the Fifth Amendment, Sixth Amendment, and Federal Rule of Criminal Procedure 43(a). Nuñez has a strong argument that the district court violated this right. A criminal defendant has the right "to be present in his own person" during his trial "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (citation omitted). This requires that a defendant be present "to the extent that a fair and just hearing would be thwarted by his absence." *Id*. (citation omitted). A defendant's presence at the moment the verdict is announced can exert a powerful influence on

the proceedings and the decisionmaker. *See Rice v. Wood*, 77 F.3d 1138, 1148 (9th Cir. 1996) (en banc) (D.W. Nelson, J., dissenting). As a result, "wise trial judges should be loathe to ever permit [the] return [of a verdict] in the absence of the defendant." *Id*. at 1146 (Hawkins, J., concurring).

Our circuit has held, however, that violation of the right to be present is not a structural error. *See Campbell v. Rice*, 408 F.3d 1166, 1172 (9th Cir. 2005) (en banc). Therefore, to prevail on his claim, Nuñez must establish that the error caused him prejudice. *Fulminante*, 499 U.S. at 308. Even assuming Nuñez could show that the district court plainly erred, he has not satisfied his burden of proving that his substantial rights were affected by the violation. To establish prejudice under the plain-error test, Nuñez must show "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (internal quotation marks and citation omitted). There is no evidence here that Nuñez's absence had any impact on the district court's determination of his guilt. Nuñez does not argue that that there would have been any difference in the court's finding of guilt had he been present when it was made, nor is there any evidence in the record to support such a conclusion. Therefore, even if the district court violated Nuñez's right to be present, it was not plain error.

## B.  Right to a Public Trial

Nuñez further argues that the district court denied him the right to a public trial in violation of the Sixth Amendment. Unlike violation of the right to be present, violation of the public trial right is a structural error. *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017). The third and fourth prongs of plain error review are therefore satisfied, *see Becerra*, 939 F.3d at 1005–06, and the only

question for us to resolve is whether the district court plainly erred.

We hold that it did. It was a clear violation of Nuñez's Sixth Amendment public trial right for the district court to make only a written finding of guilt rather than announcing its finding in a public proceeding. The public trial right is well-established, *see Waller v. Georgia*, 467 U.S. 39, 44–47 (1984), as is the fact that it extends to the announcement of the verdict*, see United States v. Akers*, 542 F.2d 770, 772 (9th Cir. 1976) (per curiam). Although we have previously discussed this right only in the context of jury verdicts, *see Akers*, 542 F.2d at 772, the announcement of a finding of guilt in a bench trial is clearly an analogous situation in which the right serves the same purpose and implicates the same values, *see Herring v. New York*, 422 U.S. 853, 858–59 (1975). Indeed, we have never suggested that the right would not apply with equal force to bench trials, and other circuits have affirmed that it does. *See, e.g., United States v. Canady*, 126 F.3d 352, 362 (2d Cir. 1997). Failing to announce the finding of guilt in a public setting was contrary to settled law and thus plainly erroneous. *See Johnson v. United States*, 520 U.S. 461, 468 (1997).

The fact that the district court did not convene an in-person proceeding at all does not change this analysis. Failure to hold proceedings is an "affirmative act by the trial court meant to exclude persons from the courtroom," and it is thus a form of closure. *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003) (citation omitted). The only difference from the type of closure we normally encounter is that failure to convene a proceeding excludes *all* persons, including the parties themselves. This is as much a violation of the public trial right as barring observers from watching a proceeding. As the Second Circuit has held, "a trial court

may not circumvent the public trial right by holding no proceedings at all." *Canady*, 126 F.3d at 363.

Nor is the fact that the court's written finding was available on the docket sufficient to satisfy the right to a public trial. We recently explained that "[b]ecause of the importance of public observation of court proceedings, transcripts of a trial are not an adequate substitute for access to the courtroom to observe the trial." *United States v. Allen*, 34 F.4th 789, 796 (9th Cir. 2022); *see also Waller*, 467 U.S. at 43 (holding that a defendant's public trial right was violated even though the district court released a transcript of the closed proceedings to the public). Public access to a written document does not protect the values that the right to a public trial was designed to advance. Even if members of the public can access a record of the proceedings, they have lost the ability to contemporaneously monitor proceedings to ensure that the defendant is "fairly dealt with." *Waller*, 467 U.S. at 46 (citation omitted). They have also lost the "presence of interested spectators [who] may keep [the judge and jury] keenly alive to a sense of their responsibility and to the importance of their functions." *Id*. (citation omitted). There are a "host of factors" at play in a trial that are "impossible to capture fully in the record," and a written document is therefore not an adequate substitute for concurrent public access to court proceedings. *Skilling v. United States*, 561 U.S. 358, 386 (2010).

An action that violates the right to a public trial may nevertheless fail to "implicate the constitutional guarantee" if it is "too trivial." *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012). To decide whether a closure is too trivial to constitute a violation, "we must determine whether the closure involved the values that the right to a public trial serves"—namely, "ensuring fair proceedings, reminding the

prosecutor and judge of their grave responsibilities, discouraging perjury, and encouraging witnesses to come forward." *Id*. (citation omitted). The circumstances surrounding the closure, including its length, whether it was intentional, and whether the public "missed much of importance," are also relevant to the determination. *Id*. at 1231 (citation omitted).

The district court's closure here was certainly not trivial. While neither perjury nor witness testimony are relevant considerations by the time a verdict is rendered, public and accessible verdicts are vital to ensuring fair proceedings and reminding decisionmakers about the gravity of their responsibilities. The presence of both the defendant and public witnesses emphasize the human impact of the verdict, and, as we previously discussed, may exert a powerful "psychological influence" on the decisionmakers. *Larson v. Tansy*, 911 F.2d 392, 396 (10th Cir. 1990); *see also In re Oliver*, 333 U.S. 257, 270 n.25 (1948) ("[T]he presence of interested spectators may keep [the] triers keenly alive to a sense of their responsibility and to the importance of their functions."). The presence of the public is also vital to the fairness of trial, ensuring that others may see that the defendant "is fairly dealt with and not unjustly condemned." *In re Oliver*, 333 U.S. at 270 n.25. As the Second Circuit has concluded, "the failure to announce in open court the verdict strikes at the fundamental values of our judicial system and our society as a whole." *Canady*, 126 F.3d at 362 (internal quotation marks and citation omitted).

The circumstances of this closure helped to mitigate the harm that resulted, since the vast majority of Nuñez's trial was public and the district court orally reiterated its finding of guilt at Nuñez's public sentencing. Given the vital importance of ensuring a verdict is fairly and openly

rendered and the fact that seventy-seven days passed before the district court made its public finding of guilt, however, we cannot find that this closure was trivial. The district court's actions were sufficient to violate Nuñez's right to a public trial.

Nuñez argues that the district court's error "requires a new trial." The Supreme Court, however, has cautioned that a defendant is not always entitled to a new trial as a remedy for violation of the public trial right, particularly if a new trial "would be a windfall for the defendant, and not in the public interest." *Waller*, 467 U.S. at 50. Instead, the Supreme Court has directed courts of appeals to fashion a remedy that is "appropriate to the violation." *Id*. Here, the district court already announced its finding of guilt in open court when it reiterated its finding during Nuñez's sentencing. The constitutional requirement has therefore been fulfilled, and remand for the district court to announce its finding once again would be an "unnecessary formality." *Canady*, 126 F.3d at 364. In the time before the district court publicly announced its finding, however, Nuñez moved under Rule 23(c) for specific findings of fact. Citing the rule's requirement that such a motion must be made "before the finding of guilty or not guilty," Fed. R. Crim. P. 23(c), the district court denied it as untimely. This was erroneous. Although the district court had made its finding of guilt, it did so in violation of Nuñez's constitutional right to a public trial. The finding was therefore legally insufficient and should not have precluded Nuñez from seeking more specific findings under Rule 23(c). Under these circumstances, we hold that the remedy most appropriate to

the violation is to vacate the judgment and remand to the district court to make specific findings of fact.[3]

## CONCLUSION

The requirement that findings of guilt be announced in open court vindicates core constitutional and human values. While a trial court is free to recess after the close of a bench trial to consider its decision further or to issue a written opinion elaborating on its oral finding of guilt, denying a criminal defendant the opportunity to be present in a public hearing at the time his guilt is determined undermines the fairness, integrity, and legitimacy of the judicial proceedings. Such a closure cannot be permitted to stand. We hold that the district court violated Nuñez's right to a public trial when it made only a written finding of guilt. Therefore, we vacate the judgment and remand for the court to correct its erroneous denial of his Rule 23(c) motion by entering specific findings of fact. The district court may then reenter its judgment of conviction and Nuñez may have the opportunity to file a new appeal.

**CONVICTION VACATED; REMANDED FOR SPECIFIC FINDINGS OF FACT.**

---

[3] Because remanding for specific findings grants Nuñez all the relief he seeks for his claims regarding the district court's interpretation of Rule 23(c) and of the duress defense, we need not resolve these issues.