NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK MAYO,

Defendant-Appellant.

No. 21-10181

D.C. No. 1:19-cr-00045-2

MEMORANDUM[*]

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Argued and Submitted February 17, 2023
Honolulu, Hawaii

Before: BEA, COLLINS, and LEE, Circuit Judges.

Defendant Mark Mayo appeals his conviction, after a jury trial, for one count of conspiracy to distribute 50 or more grams of methamphetamine hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii), and one count of attempted possession of 50 or more grams of methamphetamine hydrochloride with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Mayo argues that the district court deprived him of his right to a public trial by limiting members of the public to telephonic access to the *voir dire* proceedings, which (due to pandemic-related concerns) were held at an assembly hall at a National Guard facility. Because Mayo failed to raise this issue below, our review is only for plain error. *See* FED. R. CRIM. P. 52(b).

"To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements. First, there must be an error. Second, the error must be plain. Third, the error must affect 'substantial rights,' which generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018)). We agree with Mayo's assertion that, under our decision in *United States v. Allen*, 34 F.4th 789 (9th Cir. 2022), the district court's limitation of public access to telephonic participation was error. *See id*. at 800 (holding that, absent compelling interests such as "disclosure of sensitive information" concerning "national security," an order completely "prohibiting the public's visual access to a trial" violates the Sixth Amendment's public trial right). We also agree with Mayo that, in light of *Allen*, the error is plain. *See United States v. Irons*, 31 F.4th 702, 713 (9th Cir. 2022) (holding that an error is plain if, taking into account the controlling caselaw "'at the time of review' by the appellate court," that caselaw

2

answered a straightforward question, as opposed to a "close and difficult" one (citation omitted)).  We further agree with Mayo that, because the error is a structural one, *see Weaver v. Massachusetts*, 582 U.S. 286, 296 (2017); *Allen*, 34 F.4th at 800, the third prong of the plain error test is satisfied as well.  *See United States v. Becerra*, 939 F.3d 995, 1005–06 (9th Cir. 2019) ("The third requisite of plain error review is necessarily met where the error at issue is structural.").

Because those elements are met, we proceed to a fourth step in applying the plain error standard, which requires us to consider "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Olano*, 507 U.S. 725, 736 (1993) (citation omitted).  "[A]ny exercise of discretion at the fourth prong of *Olano* inherently requires 'a case-specific and fact-intensive' inquiry," because "[t]here may be instances where countervailing factors satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction."  *Rosales-Mireles*, 138 S. Ct. at 1909 (citation omitted).  At oral argument, Mayo's defense counsel expressly disclaimed any contention that our decision in *United States v. Ramirez-Ramirez*, 45 F.4th 1103 (9th Cir. 2022), eliminated our ability to exercise discretion under *Olano*'s fourth prong when a plain structural error is at issue (as is the case here).  We therefore deem any such contention to be abandoned in this case.  *See Vinson v. Thomas*, 288 F.3d 1145, 1148 n.1 (9th Cir. 2002).  Considering

3

all of the circumstances here, we conclude that reversal is not warranted.

As the Supreme Court has explained, "not every public-trial violation will in fact lead to a fundamentally unfair trial." *Weaver*, 582 U.S. at 300. Mayo has pointed to nothing in the record that would suggest that the district court's audio-only public-access limitation undermined the *actual* fairness or integrity of the jury selection process or the subsequent trial in this case, and we perceive no basis for concluding that it did. For example, although Mayo notes that public access helps to ensure that all participants, including prospective jurors, will behave properly, he does not contend that any such improper conduct actually occurred during the *voir dire* proceedings here. *See id*. at 304 (holding that the defendant's trial was not "fundamentally unfair" where there was "no showing . . . that the potential harms flowing from a courtroom closure" during *voir dire* "came to pass in this case").

Rather, Mayo contends that the court's limitation on access to *voir dire* impaired the "*perception* of its fairness" and, consequently, the "public reputation" of those proceedings (emphasis added). These are, indeed, weighty and proper considerations in the "exercise of discretion at the fourth prong of *Olano*," *Rosales-Mireles*, 138 S. Ct. at 1909, but in our view they do not warrant reversal here. The trial in this case occurred in January 2021, during the height of the Covid pandemic and at a time when vaccines were not widely available to the

4

general public. That crucial fact largely dissipates any concern about the public perception or reputation of the proceedings that occurred in this case. Even if, in hindsight, the district court's order was an overreaction that unduly restricted public access, it is not reasonably viewed as anything other than an effort to manage the logistical challenge of assembling a large number of prospective jurors in a way that mitigated the perceived significant health and safety concerns. Sincere efforts to accommodate the extraordinary practical concerns raised by the pandemic—even if later revealed to be legally erroneous—simply do not impair the perceived fairness or "public reputation" of judicial proceedings in the same way that such measures undoubtedly would if undertaken during ordinary times. *Olano*, 507 U.S. at 736.

2. Mayo also contends that his right to presence under the Constitution and Federal Rule of Criminal Procedure 43 were violated by his absence from "the sidebar portion of jury selection." Because no such objection was made below, our review is again only for plain error. There is none. We have held that a defendant's exclusion from jury selection is not a structural error, and that, when objected to, it is subject to harmless-error analysis. *See United States v. Bordallo*, 857 F.2d 519, 523 (9th Cir. 1988) (applying the "harmless error rule" of *Chapman v. California*, 386 U.S. 18, 21–22 (1967) (citation omitted)); *see also Weaver*, 582 U.S. at 299 (holding that classifying something as a "structural error" "means only

5

that the government is not entitled to deprive the defendant of a new trial by showing that the error was 'harmless beyond a reasonable doubt'" (quoting *Chapman*, 386 U.S. at 24)).  Accordingly, it is Mayo's burden, at step three of the plain-error test, to establish "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer*, 141 S. Ct. at 2096. Mayo has failed to make any such showing.  He relies only on speculation that, if he had been present at the sidebars, he might have contributed observations that might have made a difference to the jury selection.  This speculation is not enough to affirmatively establish that his "substantial rights" were affected.  *Id.*

3.  Mayo argues that the prosecutor engaged in misconduct by stating during closing argument that one of the Government's cooperating witnesses, Lovelia Mendoza, did not "really stand to gain a lot from her testimony against Mark Mayo, but she s[tood] to lose a lot if she lie[d]."  Because no objection was made in the district court, our review is only for plain error.  Even assuming *arguendo* that the statement was improper, any error did not affect Mayo's substantial rights. The jurors were instructed that it was their task to decide what witness testimony to believe and what testimony not to believe, and that the arguments of the lawyers were not evidence.  With respect to Mendoza, as with the other cooperating witnesses, the jurors were specifically instructed that they should examine her testimony "with greater caution than that of other witnesses" and to "consider the

6

extent to which or whether [her] testimony may have been influenced" by such factors as whether she "received benefits and/or favored treatment from the government in connection with this case." Mendoza's credibility was vigorously challenged at trial, and the jury was given ample information upon which to make its own assessment of her credibility, including about the terms of Mendoza's plea agreement and her expectation that the Government would file a substantial assistance motion to reduce her potential sentence. Considering the trial record as a whole, we conclude that any error in the prosecutor's comment does not warrant reversal.

4. Mayo argues that there was insufficient evidence to convict him of attempted possession of methamphetamine hydrochloride because, in his view, no reasonable jury could find that he took a substantial step toward committing the offense. *See United States v. Mincoff*, 574 F.3d 1186, 1195 (9th Cir. 2009) (stating that an element of attempted possession of drugs with intent to distribute is that "the defendant did something that was a substantial step toward committing the crime" (citation omitted)). We review de novo whether the evidence is sufficient to support a conviction. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir. 2002). "The evidence is sufficient to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"

*United States v. Milwitt*, 475 F.3d 1150, 1154 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (restoring original emphasis from *Jackson*). Applying that standard, we conclude that a rational jury could find, beyond a reasonable doubt, that Mayo took a substantial step toward possession of drugs with intent to distribute.

A defendant has taken a substantial step if his or her conduct "(1) advance[s] the criminal purpose charged, and (2) provide[s] some verification of the existence of that purpose." *United States v. Linehan*, 56 F.4th 693, 702 (9th Cir. 2022) (citation omitted). Here, the evidence showed that Mayo agreed to pick up a package at a designated spot at the side of the road; that as he arrived near the spot, he watched "with [his] own eyes" as law enforcement agents seized the package; and that Mayo was "pretty sure" that the package contained "meth." Where, as here, all that remained to complete the agreed-upon offense was simply to physically pick up the package at the drop off spot, Mayo's conduct in coordinating the pick-up and arriving near the scene would permit a rational jury to conclude that Mayo's conduct was a substantial step that advanced the "criminal purpose charged" and verified that purpose's existence. *Linehan*, 56 F.4th at 702. The evidence on this point was sufficient. *See United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1243 (9th Cir. 2014) (stating that acts constitute an attempt when they "unequivocally demonstrate that the crime will take place

unless interrupted by independent circumstances" (simplified)).[1]

Finally, reviewing cumulatively all of the issues raised, we find no basis for reversal. *United States v. Necoechea*, 986 F.2d 1273, 1283 (9th Cir. 1993).

**AFFIRMED.**

---

[1] Mayo acknowledges that *United States v. Collazo*, 984 F.3d 1308 (9th Cir. 2021) (en banc), forecloses his challenge to the jury instruction's statement that the jury did not need to find that Mayo *knew* the quantity and type of drug involved.