**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JOSE MARIA RAMIREZ-
RAMIREZ, AKA Jose Maria Nuñez-
Ramirez,

        Defendant - Appellant.

No. 23-857

D.C. No.
4:20-cr-00412-JAS-MSA-3

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted April 3, 2024[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Defendant-Appellant Jose Ramirez-Ramirez (or Nuñez-Ramirez, hereinafter

"Nuñez") appeals his conviction of drug-related crimes under 21 U.S.C. §§

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

841(a)(1), 841(b)(1)(D), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nuñez argues that a 27-month delay between his initial conviction and the re-entry of judgment rendered the district court's updated factual findings "unreliable." We review alleged constitutional violations de novo, *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011), and this argument fails for at least three reasons.

First, no binding authority directly supports it. There is no constitutional right to speedy findings of fact, and the only in-circuit case Nuñez cites suggesting delay alone might constitute reversible error is inapposite and unpersuasive. *See Phontele v. Am. Tel. & Tel. Co.*, 889 F.2d 224 (9th Cir. 1989) (no error in a four-year delay). At most, *Phontele*, a civil case, suggests that district courts' delays might amount to reversible error only when accompanied by a "strong independent" showing of prejudice, which Nuñez cannot establish. *Id.* at 232. The delay in this case resulted from Nuñez's self-initiated appeal. *See United States v. Ramirez-Ramirez*, 45 F.4th 1103, 1107 (9th Cir. 2022) ("[W]e vacate Nuñez's sentence and remand for the district court to make specific findings of fact."). He cannot seek this court's review, receive his requested relief, and then use the resulting delay to establish constitutional injury. *See United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir.

1993) (noting that when assessing defendants' speedy trial claims, courts consider "whether . . . the criminal defendant is more to blame for that delay").

Further, contrary to Nuñez's assertions, the district court's limited factual findings at sentencing and the updated factual findings at the re-entry of judgment are not inconsistent. The re-entry order merely identifies additional evidence supporting the same conclusion that the district court reached at sentencing, i.e., that Nuñez's statements—about events both before and after he crossed the border— were not believable. Thus, the re-entry order was not an impermissible *ex post facto* justification.

Finally, Nuñez argues that the district court's explanation for discrediting his trial testimony amounts to clear error. We must reverse where a district court's reasoning is "illogical, implausible, or without support . . . from the record." *Chaudhry v. Aragon*, 68 F.4th 1161, 1171 (9th Cir. 2023) (citation omitted). Likewise, a district court's order must "be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." *Colchester v. Lazaro*, 16 F.4th 712, 727 (9th Cir. 2021) (citation omitted).

As the foregoing analysis demonstrates, the district court's reasoning was sufficiently stated to permit appellate review. *United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014). And, because the credibility determination was

reasonable in light of Nuñez's uncorroborated testimony, he is not entitled to re-sentencing or a new trial. *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006) (noting that we give "special deference to a trial court's credibility findings" and reverse only upon "a definite and firm conviction that a mistake has been made").

**AFFIRMED.**