NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50244 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:13-cr-00863-JAK-4 |
| ARMANDO MOLINA, AKA Criminal, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted May 14, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Armando Molina appeals his convictions for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846; aiding and abetting distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2(a); and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). We have jurisdiction under 28 U.S.C. § 1291. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

affirm.

1. Molina argues that the district court violated his Sixth Amendment right to present a defense of his own choosing by permitting his counsel to present an entrapment defense and to concede at trial that Molina had committed the charged offenses. We review de novo a defendant's claim that a district court violated his Sixth Amendment right to present a defense of his own choosing. *United States v. Read*, 918 F.3d 712, 719 (9th Cir. 2019).

"[A] defendant has the right to insist that counsel refrain from admitting guilt." *McCoy v. Louisiana*, 584 U.S. 414, 417 (2018). "Presented with express statements of the client's will to maintain innocence, . . . counsel may not steer the ship the other way." *Id.* at 424. During his trial, Molina claimed that he "was never consulted . . . about the entrapment thing" and expressed his dissatisfaction that "all this evidence is coming in." But there is no indication in the record that Molina objected to his counsel's presentation of an entrapment defense or otherwise insisted on maintaining his innocence. The record shows that Molina sought to present an entrapment defense before his trial. At his trial, Molina took issue only with the introduction of gang evidence. There is no indication in the record that Molina "repeatedly and adamantly insisted on maintaining his factual innocence," *id.* at 426, or made "express statements of [his] will to maintain innocence," *id.* at 424. As such, the district court did not violate his Sixth Amendment right to

present a defense of his own choosing.

2. We review for abuse of discretion a district court's denial of a motion for substitute counsel. *United States v. Ceja*, 23 F.4th 1218, 1225 (9th Cir. 2022). In reviewing the denial of a motion to substitute appointed counsel, we consider: "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *Id.* (quoting *United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009)).

Here, Molina argues that the district court abused its discretion in denying his mid-trial request for new counsel. First, Molina's request was timely. Second, the district court's inquiry was adequate to understand the nature of Molina's complaints about his counsel. The district court asked pertinent, open-ended questions, which allowed it to discern that the source of the purported conflict was Molina's disagreement with his counsel over evidentiary issues. *See id.* ("Open-ended questions aimed at understanding the core of the issues between a defendant and counsel are adequate."); *see also United States v. Velazquez*, 855 F.3d 1021, 1035 (9th Cir. 2017) ("In cases in which we have held that the adequacy-of-inquiry factor was satisfied, the district court typically held at least one hearing during which it asked specific questions."). Third, the conflict between Molina and his counsel was not "extensive or irreconcilable," as there is no evidence indicating

3

that they were unable to communicate. *Mendez-Sanchez*, 563 F.3d at 944; *cf.* *Velazquez*, 855 F.3d at 1036 (finding a serious breakdown in the attorney-client relationship where defendant recorded conversations with his attorney, his attorney admitted to cutting meetings short because the defendant yelled at him, and they "openly bickered in court"). The district court therefore did not abuse its discretion in denying Molina's mid-trial request for new counsel.

3. We review de novo a district court's denial of a motion to dismiss on Speedy Trial Act grounds, and for clear error the district court's factual findings. *United States v. Henry*, 984 F.3d 1343, 1349–50 (9th Cir. 2021). Pursuant to the Speedy Trial Act, the "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). "A defendant's 'passing reference' to the Speedy Trial Act is inadequate to preserve the statutory claim." *Read*, 918 F.3d at 722 (quoting *United States v. Brown*, 761 F.2d 1272, 1276–77 (9th Cir. 1985)).

Here, most of Molina's discussions with and requests to the court make no express reference to the Speedy Trial Act. And while Molina filed a *pro se* motion to relieve his counsel that referenced his "statutory and Constitutional Speedy Trial rights," he later withdrew the motion and informed the district court that he and his counsel "came to an understanding" and were "on the same page now." Molina therefore waived his Speedy Trial Act claim.

4

4. "We review de novo a district court's decision regarding a Sixth Amendment speedy trial claim," and for clear error the district court's factual findings. *United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019). But "[i]f a party raises an objection for the first time on appeal, we review only for plain error." *United States v. Ramirez-Ramirez*, 45 F.4th 1103, 1108 (9th Cir. 2022). "To establish plain error, [the defendant] must show that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020).

Molina argues that the nearly-six-year delay between his arraignment and trial violated his rights under the Sixth Amendment Speedy Trial Clause. Because Molina did not adequately inform the district court that the nature of his concerns was rooted in his Sixth Amendment rights, he has forfeited his claim under the Sixth Amendment, and we review it for plain error. To determine whether a defendant's Sixth Amendment speedy trial right has been violated, we balance four factors and determine: (1) "whether [the] delay before trial was uncommonly long," (2) "whether the government or the criminal defendant is more to blame for that delay," (3) "whether, in due course, the defendant asserted his right to a speedy trial," and (4) "whether he suffered prejudice as the delay's result." *United States v. Tanh Huu Lam*, 251 F.3d 852, 855 (9th Cir. 2001) (quoting *Doggett v.*

*United States*, 505 U.S. 647, 651 (1992)).

Here, even if the balance of factors weighed in favor of finding a Sixth Amendment violation, the district court's error was not plain. Unlike situations in which a district court did not rule on the defendant's motion to dismiss until the end of the trial, Molina never filed a motion to dismiss, and he stipulated to almost all the continuances granted by the district court. *Cf. United States v. Clymer*, 25 F.3d 824, 829–30 (9th Cir. 1994). As such, the district court did not plainly err in granting the continuances. *See United States v. Kirst*, 54 F.4th 610, 620 (9th Cir. 2022) ("An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." (quoting *United States v. Wijegoonaratna*, 922 F.3d 983, 991 (9th Cir. 2019))).

5. "We review de novo whether a defendant's due process rights were violated." *United States v. Torres*, 995 F.3d 695, 701 (9th Cir. 2021). "If a party raises an objection for the first time on appeal, we review only for plain error." *Ramirez-Ramirez*, 45 F.4th at 1108.

Molina argues that the nearly-six-year delay between his arraignment and trial violated his rights under the Fifth Amendment Due Process Clause. Because Molina did not adequately inform the district court that the nature of his concerns was rooted in his Fifth Amendment rights, he has forfeited that claim, and we review it for plain error. In evaluating whether a due process violation has

occurred, we consider the following factors: "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." *Torres*, 995 F.3d at 708.

Here, even if the balance of factors weighed in favor of finding a Fifth Amendment violation, the district court's error was not plain. In *Torres*, this court found that a "twenty-one-month detention does not yet violate due process," but it "caution[ed] that the length of [this] detention is approaching the limits of what due process can tolerate." *Id.* at 709. But *Torres* concerned a defendant's detention for several months while the courthouse was closed due to the COVID-19 pandemic. *Id.* at 708. That is not the situation here, where Molina instead substituted counsel multiple times and stipulated to almost all the continuances. And "[a]n error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *Kirst*, 54 F.4th at 620 (quoting *Wijegoonaratna*, 922 F.3d at 991). As such, the district court did not plainly err in granting the continuances.

**AFFIRMED.**