NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS JONATHAN GONZALEZ-
BECERRA, AKA Carlos Jonathan Becerra,
AKA Jonathan Becerra, AKA Carlos
Jonathan Gonzalez, AKA Jonathan
Gonzalez, AKA Sergio Yanko Gonzalez,

Defendant-Appellant.

No. 21-50260

D.C. No. 2:20-cr-00006-DSF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 14, 2024[**]
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Carlos Gonzalez-Becerra, a native and citizen of Mexico, appeals his

conviction and sentence for illegal re-entry of a previously removed alien in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18

U.S.C. § 3742(a), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. See FED. R. APP. P. 34(a)(2)(C).

1. The district court did not commit plain error by failing to *sua sponte* order a competency hearing to determine Gonzalez-Becerra's competency to stand trial. *See United States v. Dreyer*, 705 F.3d 951, 960 (9th Cir. 2013).

A district court commits a plain error in this regard "if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." *Id*. (citation omitted). A genuine doubt exists if there is "substantial evidence that, due to a mental disease or defect, the defendant is either unable to understand the nature and consequences of the proceedings against him *or* to assist properly in his defense." *Id*. at 961 (simplified). "Relevant evidence falls into three broad categories: medical history, the defendant's behavior in and out of court, and defense counsel's statements about the defendant's competency." *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014). Here, all three categories of evidence confirm that the district court did not plainly err.

First, the medical evidence supports the district court's finding that Gonzalez-Becerra was "mentally competent" and that a competency hearing was unnecessary. A July 2020 competency report by a forensic psychologist from the Bureau of Prisons, prepared after the district court granted Gonzalez-Becerra's request for a mental health evaluation, concluded that Gonzalez-Becerra was competent to stand trial.

Second, Gonzalez-Becerra's behavior during and outside trial was not so irrational as to create a genuine doubt as to his competency. While Gonzalez-Becerra occasionally "spoke out of turn" during pre-trial hearings, he generally asked the district court for permission to speak, and he only spoke directly to the jury when testifying. During sentencing, Gonzalez-Becerra repeatedly interrupted the district court to proclaim his innocence, but he ultimately stopped after the court told him to "be quiet" and threatened to have him "gagged." *See United States v. Turner*, 897 F.3d 1084, 1108 (9th Cir. 2018) ("Although [the defendant] was occasionally disruptive, 'rude, uncooperative and sometimes wacky behavior' does not raise a serious doubt about competency." (citation omitted)). Gonzalez-Becerra's grievances about his trial counsel also do not raise a genuine doubt regarding his competency, especially where he and his counsel coordinated a defense of involuntariness and he testified in support of this defense. *See Garza*, 751 F.3d at 1137 (finding that defendant was "able to assist in his defense" because "[h]e testified" and "[h]e allocuted"). Gonzalez-Becerra does not explain how his "incorrect" *pro per* legal claims about being "doubly sentenced" and entitled to a "human rights advocate" collectively evinced incompetency. Erroneous, and even unorthodox, legal contentions made by criminal defendants do not necessarily indicate a lack of competence. *See United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015).

Third, Gonzalez-Becerra's trial counsel effectively "dropped the competency challenge after [Gonzalez-Becerra] was evaluated in federal medical custody," *Garza*, 751 F.3d at 1137, by stipulating that counsel did not object to the psychologist's competency finding and that the district court could determine competency without a competency hearing. It is "even more" telling that Gonzalez-Becerra's trial counsel "never raised the [competency] issue at trial." *Id.*

On this record, Gonzalez-Becerra has not shown that the district court plainly erred by not *sua sponte* holding a competency hearing. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) ("District courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful.").

2. Gonzalez-Becerra contends that the district court erroneously concluded that a Guidelines provision was mandatory and required that his sentence in this case be consecutive to a supervised-release-revocation sentence imposed against him in another case. Because Gonzalez-Becerra raises this argument for the first time on appeal, we review only for plain error. *See United States v. Ramirez-Ramirez*, 45 F.4th 1103, 1108 (9th Cir. 2022). We conclude that the district court did not plainly err. Although the district court noted that the relevant Guidelines provision stated that, in such circumstances, the sentence for the supervised release

4

violation "shall" be served consecutively, *see* U.S.S.G. § 7B1.3(f); *id.*, app. note 4, the court later acknowledged that the Guidelines were "advisory" and that the "advisory guidelines are the starting point." Contrary to Gonzalez-Becerra's contention, the district court was not required to explicitly acknowledge that it had discretion to run the sentences concurrently, and he has failed to establish that the district court committed plain error in ordering that his sentences run consecutively.

3. Gonzalez-Becerra's argument that his prosecution for illegal re-entry under 8 U.S.C. § 1326 violated the equal protection component of the Fifth Amendment's Due Process Clause is squarely foreclosed by recent circuit precedent. *See United States v. Carrillo-Lopez*, 68 F.4th 1133, 1142 (9th Cir. 2023).

**AFFIRMED.**